UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **NORTHLAKE ASSEMBLY OF GOD, INC.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 07-6395** |
| **STATE FARM INSURANCE COMPANY** | **SECTION: "C" (1)** |

## ORDER AND REASONS

Before the Court is defendant's Motion for Partial Summary Judgment as to Plaintiffs' Bad Faith Claims (Rec. Doc. 18). This motion was taken under advisement without oral argument. Based on the memoranda submitted by the parties, the record, and the applicable law, the Court denies the motion for the reasons below.

**I.     BACKGROUND**

Plaintiff seeks recovery under its insurance policy for alleged damages to its property at 952 and 958 North Lee Road in Covington, LA sustained as a result of Hurricane Katrina. This lawsuit exclusively concerns damages sustained to the Sanctuary. Plaintiff also seeks penalties pursuant to La.Rev.Stat. § 22:658 and La.Rev.Stat. § 22:1220 based on allegations that State Farm acted arbitrarily and capriciously when it partially denied Plaintiff's claim. Plaintiff claims defendant acted in bad faith in its 1) failure to timely pay plaintiff for damages identified in 2006

1

and 2007; 2) failure to respond to losses identified in July 2008; and 3) claiming an exclusion to the policy despite defendant's prior knowledge of the condition of the property.

## II.    SUMMARY JUDGMENT STANDARD

Summary judgment is only proper when the record indicates that there is not a "genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56. A genuine issue of fact exists only if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.* 477 U.S. 242, 247-48 (1986); *see also Taita Chem. Co. v. Westlake Styrene Corp.*, 246 F.3d 377, 385 (5th Cir. 2001). When considering a motion for summary judgment, this Court "will review the facts drawing all inferences most favorable to the party opposing the motion." *Reid v. State Farm Mut. Auto Ins. Co.*, 784 F.2d 577, 578 (5th Cir.1986). The party moving for summary judgment bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has met its initial burden, however, "the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial." *Engstrom v. First Nat'l Bank of Eagle Lake*, 47 F.3d 1459, 1462 (5th Cir.1995). In order to satisfy its burden, the non-moving party must put forth competent evidence and cannot rely on "unsubstantiated assertions" and "conclusory allegations." *See Lujan v. Nat'l. Wildlife Fed'n.*, 497 U.S. 871, 871-73 (1990); *Hopper v. Frank*, 16 F.3d 92 (5th Cir.1994); *Donaghey v. Ocean Drilling & Exploration Co.*, 974 F.2d 646, 649 (5th Cir.1992).

### III. LAW AND ANALYSIS

*Bad Faith Claims*

Plaintiff must prove that "the failure to timely pay a claim after receiving satisfactory proof of loss when that failure to pay is arbitrary, capricious, or without probable cause" to establish a claim for bad faith under LSA R.S. 22:658 and 22:1220. *Sher v. Lafayette Ins. Co.* 2008 WL 928486, 17 (La.), 2007-2441 (La. 4/8/08), 26 (La.,2008). Whether or not plaintiff's notifications were satisfactory is a genuine issue of material fact appropriate for trial. *See Malbrough v. State Farm Fire and Cas. Co.*, 1996 WL 533630 at *1 (E.D. La., Sept. 13, 1996)(Berrigan, J.)(holding whether plaintiff's proof was sufficient was triable). Similarly, "[w]hether an insurer has been arbitrary and capricious is generally a question of fact." *Ferguson v. State Farm Ins. Co.* 2007 WL 1378507, 4 (E.D.La.,2007)(Berrigan, J.)(citing *La. Maint. Serv. Inc*, 616 So.2d at 1253.). "The Louisiana phrase, 'arbitrary, capricious, or without probable cause,' is synonymous with 'vexatious.' Both describe an insurer whose willful refusal of a claim is not based on a good faith defense." *La. Maint. Serv. Inc. v. Certain Underwriters at Lloyd's of London*, 616 So.2d 1250 (La.1993), *citing Phillip Rosamond Drill. Co., Inc. v. St. Paul F. & M.I. Co.*, 305 So.2d 630 (La.App. 2nd Cir.1974.) Examples of "bad faith" conduct include plaintiff allegations of defendant insurer misrepresenting the terms of the policy (*Ray Brandt Motors, LLC v. Certain Underwriters at Lloyd's, London*, 2008 WL 79795No. 07-29, Jan. 4, 2008 (Berrigan, J.)); an insurer's refusal to pay based on plaintiff's lack of maintenance despite earlier insurer inspections documenting adequate maintenance (*Sher* at 17); and an insurer's belated change of defenses (*La. Maint. Serv. Inc. v. Certain Underwriters at Lloyd's of London*,

616 So.2d 1250, 1253 (La.1993).

**1) Failure to respond to losses identified in 2006 and 2007**

Defendant first inspected the property following Hurricane Katrina on October 18, 2005 and based on that visit, paid plaintiff $16,245.17 in damages. In March 2006, plaintiff notified defendant of additional damages and requested its file be reopened. Defendant conducted an additional three inspections between March 10, 2006 and July 24, 2006 and concluded each time that no additional damage occurred other what had already been paid after the initial inspection. On April 2th and 4th, 2007, defendant conducted the fifth and sixth inspection of this property, but this time concluded that plaintiff was entitled to an additional $34,846.54 in damages. Neither party disputes the timing of the visits or payments.

The Fifth Circuit has held that an inspection by a representative of the insurance company may, in some cases, constitute "satisfactory proof of loss" sufficient to trigger the payment guidelines under Louisiana statute. *Korbel v. Lexington Ins. Co.*, 2009 WL 190691 (5th Cir. 2009)(holding genuine issue of material fact as to when insurer received satisfactory proof of loss precluded summary judgment on claim for attorneys' fees and penalties). In this case, there is sufficient evidence to suggest that a jury, and not a judge, should decide whether one or all of the three inspections between March 2006 and July 2006 constituted satisfactory proof of loss.

As to the second element of "bad faith," plaintiff claims that the April 2007 payment of $34,846.54 - after six inspections all but one of which had concluded the Sanctuary had not suffered hurricane-related damage - is proof that State Farm's failure to pay was without

4

probable cause. Defendant argues that the April 2007 payment was in effect an "unconditional tender" and therefore is not relevant to the issue of whether or not their actions with "arbitrary, capricious, or without probable cause." Louisiana and Fifth Circuit caselaw support plaintiff's position. In *Dickerson*, the Fifth Circuit specifically noted a payment on the "eve of trial" as "further evidence that [the insurance company's] earlier failure to pay was without probable cause." *Dickerson v. Lexington Ins. Co.* 2009 WL 130207, 7 (5th Cir. 2009). Louisiana case law only states that an unconditional tender is not a waiver of the right to litigate coverage or otherwise defend the case. *See e.g., Haydel v. State Farm Ins. Co.*, 935 So. 2d 171, (La. App. 1st Cir. 2006). In this case, the April 2007 payment provides sufficient evidence of a genuine issue of material fact regarding whether or not there was probable cause for the lack of payment between March 2006 and April 2007.

**2) Failure to respond to losses identified in 2008.**

Plaintiff has two related claims regarding defendant's alleged failure to respond to losses identified in 2008. First, plaintiff claims that as of July 21, 2008, plaintiff provided defendant with an estimate of loss prepared by Carr & Associates (Rec. Doc. 30-6) and that defendant has failed to timely tender payment. Although it is unclear when suit was first filed in state court, the matter was removed to federal court as of October 3, 2007. (Rec. Doc. 1). There is no evidence in the record regarding whether or not defendant considered the July 2008 submission and on what basis it refused additional payment. The timeline of events and the proof of loss, however, are sufficient to raise a genuine issue of material fact as to whether or not there was probable cause for defendant's failure to timely tender payment following the July 2008 submission.

5

Second, plaintiff claims that defendant should have reconsidered their April 2007 damage estimate based on the costs of labor, installation, and replacement panels for the roof provided in the July 21, 2008 submission of loss. (Rec. Doc. 42 at 3). Despite plaintiff's claims to the contrary, the April 2007 estimate appears to include labor to replace the selected roof panels defendant deemed covered under the insurance policy. (Rec. Doc. 42-5, noting damages for "remove tear off, haul and dispose of comp. shingles."). Plaintiff's claim boils down to disputing the amount of labor required to adequately repair the roof. Plaintiff's expert claims that replacement of the roof panels will require labor to replace the sprayed fire retardant. (Rec. Doc. 30-6). Defendant failed to include any costs for replacement of the sprayed fire retardant in its adjustment of the claim. On the facts and evidence presented, this Court is unable to determine whether there was a reasonable basis for defendant's exclusion of labor to replace the fire retardant. More specifically, there is no evidence in the record on whether or not defendant has a "viable, yet conflicting" theory regarding the amount of labor required to repair the admittedly damaged panels. Accordingly, whether or not there was probable cause for defendant's failure to adjust the damages estimate of the Sanctuary roof presents a genuine issue of material fact sufficient for trial.

**3) Waiver of exclusion**

Defendant claims that certain damage to the Sanctuary falls within an exclusion to the policy. Defendant argues that because Hurricane Katrina "did not create an exterior opening in the structure to allow rain water to enter" the interior damage to the Sanctuary is not covered under the policy. (Rec. Doc. 42-2). According the State Farm Activity Log for October 18,

6

2005, the adjuster noted it "appears that wind driven rain was blown up under the edge of the roofing panels on the North and West side of the building." (Rec. Doc. 42-2). On July 24, 2006, the adjuster noted he or she "advised there are no screws where the roof panels overlap and this would allow water to enter during high winds where the roof is not damaged, just lifted." (Rec. Doc. 42-4).

Plaintiff claims that defendant knew that the Sanctuary roof did not have screws where the roof panels overlap since defendant had inspected the property in 1997 and in 2000 re-inspected the property. Since defendant did not request any changes to the property, plaintiff argues defendant is estopped from claiming that exclusion. Moreover, plaintiff claims that defendant's invoking of the defense is an act of bad faith and therefore subject to penalties.

Louisiana case law indicates that "waiver may apply to any provision of an insurance contract under which the insurer *knowingly and voluntarily* elects to relinquish his right, power or privilege to avoid liability, even though the effect may bring within coverage risks originally excluded or not covered." *Tate v. Charles Aguillard Ins. & Real Estate, Inc.* 508 So.2d 1371, 1375 (La. 1987). The "knowing and voluntary" aspect is the key exception to the cases cited by defendant, none of which dealt with defendants who had prior knowledge of a condition or set of circumstances. For example, Judge Ivan Lemelle applied this waiver principle where an insurer knew the property had been vacant for more than 60 days, the property was subsequently vandalized, and the insurer invoked the vacancy exclusion to disallow coverage. *Marketfare Canal, LLC, et al. v. United Fire and Cas. Ins. Co.*, 2009 WL 113283 (E.D.La. 2009).

In this case, plaintiff has provided evidence that defendant conducted two property inspections prior to making its prior claim. Although it is not clear from that evidence whether

7

or not defendant had actual knowledge of the construction of the roof, such evidence in the absence of any rebuttal evidence by defendant, is sufficient to raise a genuine issue of material fact as to defendant's knowledge.

Yet, this is far from finding that the insurer's reliance on a "waived" exclusion may properly be considered an act of "bad faith." Neither party provides any legal briefing on this particular question. Based on the evidence and briefing to date, however, this Court can not conclude that as a matter of law, an insurer's reliance on a "waived" exclusion may not constitute an act of "bad faith" under Louisiana law.

## IV. CONCLUSION

Accordingly,

IT IS ORDERED that defendant's Motion for Partial Summary Judgment as to Plaintiffs' Bad Faith Claims (Rec. Doc. 18) is DENIED.

New Orleans, Louisiana, this 6th day of March, 2009.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE